

FILED

NOV 2 2 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA CHAVEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>COMMISSARY, DEPARTMENT OF<br>THE NAVY; and MALU BARLETT,<br>                              Defendants. | Case No.: 16cv2099-H(KSC)<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**ORDER GRANTING EX PARTE MOTION TO EXTEND FACT DISCOVERY DEADLINE** |

Before the Court is defendant's Ex Parte Motion to Extend Fact Discovery to Conduct Cross Border Discovery and Continue Remaining Case Deadlines. [Doc. No. 17.] Plaintiff has not opposed defendant's Ex Parte Motion. In the Ex Parte Motion, defendant seeks to extend the discovery deadline in the case for a period of seven (7) months in order to pursue key discovery in Mexico via a Letter of Request under the Hague Evidence Convention. Good cause appearing, IT IS HEREBY ORDERED:

1.     Defendant's unopposed Ex Parte Motion is GRANTED.

2.     All fact discovery shall be completed by all parties on or before ***June 15, 2018***. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of

Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition. In any case, the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts. If the discovery dispute concerns written discovery requests, the parties shall submit a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court. (For further information on resolving discovery disputes, see Judge Crawford's "Chambers' Rules" which are accessible via the Court's website at www.casd.uscourts.gov.) A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.

3. The parties shall designate their respective experts in writing by ***July 16, 2018***. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be on or before ***July 30, 2018***. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. On or before ***August 31, 2018***, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) and Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) on or before ***September 14, 2018***.

6. All expert discovery shall be completed by all parties on or before ***October 15, 2018***. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Please be advised that failure to comply with discovery deadlines or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. A Mandatory Settlement Conference shall be conducted on ***October 31, 2018*** at ***9:30 a.m.*** in the chambers of Magistrate Judge Karen S. Crawford, United States Courthouse, 333 West Broadway, Suite 1010, San Diego, California 92101. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than ***October 24, 2018***. All parties are ordered to read and to fully comply with the settlement conference procedures set forth in Judge Crawford's Chambers Rules which are accessible via the Court's website at www.casd.uscourts.gov.

9. All other pretrial motions must be filed **so as to be heard** on or before ***November 19, 2018***. Counsel for the moving party must obtain a motion hearing date from the law clerk of the District Judge who will hear the motion. The period of time between the date you request a hearing for your motion and the hearing date set by the law clerk may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

10. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) on or before ***January 7, 2019***.

/ / /

1        11.    Counsel shall comply with the pre-trial disclosure requirements of Federal

2  Rule of Civil Procedure 26(a)(3) on or before ***January 7, 2019***.  Failure to comply with

3  these disclosure requirements could result in evidence preclusion or other sanctions under

4  Federal Rule of Civil Procedure 37.

5        12.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on

6  or before ***January 14, 2019***.  At this meeting, counsel shall discuss and attempt to enter

7  into stipulations and agreements resulting in simplification of the triable issues. Counsel

8  shall exchange copies and/or display all exhibits other than those to be used for

9  impeachment.  The exhibits shall be prepared in accordance with Local Rule

10  16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial

11  Disclosures under Federal Rules of Civil Procedure 26(a)(3).  Counsel shall cooperate in

12  the preparation of the proposed pretrial conference order.

13        13.    Counsel for plaintiff will be responsible for preparing the pretrial order and

14  arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  On or before

15  ***January 21, 2019***, plaintiff's counsel must provide opposing counsel with the proposed

16  pretrial order for review and approval.  Opposing counsel must communicate promptly

17  with plaintiff's attorney concerning any objections to form or content of the pretrial order,

18  and both parties shall attempt promptly to resolve their differences, if any, concerning the

19  order.

20        14.    The Proposed Final Pretrial Conference Order, including objections to any

21  other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and

22  lodged with the assigned District Judge on or before ***January 28, 2019***, and shall be in

23  the form prescribed in and comply with Local Rule 16.1(f)(6).

24        15.    The final Pretrial Conference is scheduled on the calendar of Judge Huff on

25  ***February 4, 2019*** at ***10:30 a.m***.

26        16.    A post trial settlement conference before a Magistrate Judge may be held

27  within 30 days of verdict in the case.

28  / / /

17.     The dates and times set forth herein will not be modified except for good cause shown.

18.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Court Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Court Judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

IT IS SO ORDERED.

Dated:  November 22, 2017

Hon. Karen S. Crawford
United States Magistrate Judge