1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

13

MINERVA CHAVEZ,

14                                                    Plaintiff,

15   v.

16   UNITED STATES OF AMERICA,

17                                                    Defendant.

18

Case No.:  3:16-cv-02099-H-KSC

**ORDER DENYING MOTION FOR
SUMMARY JUDGMENT**

[Doc. No. 38]

19          On June 3, 2019, Defendant United States of America ("Defendant") filed a motion
20   for summary judgment.  (Doc. No. 38.)  On June 17, 2019, Plaintiff Minerva Chavez
21   ("Plaintiff") opposed the motion.  (Doc. No. 39.)  On June 24, 2019, Defendant filed a
22   reply.  (Doc. No. 41.)  On July 19, 2019, the Court held a telephonic hearing on the motion.
23   (Doc. No. 45.)  Andy Van Le appeared on behalf of Plaintiff and Valerie Torres appeared
24   on behalf of Defendant.  (Id.)  For the reasons below, the Court denies Defendant's motion
25   for summary judgment.

26                                              **Background**

27          On May 24, 2013, Plaintiff, a third-party bread distributor, stocked bread at
28   Defendant's commissary store.  (Doc. Nos. 38-4 at 7–9; 38-5 at 7.)  At the store, an

1

employee pushed a wheel-based cooler filled with drinks from the commissary's warehouse section to the sales floor. (Doc. No. 38-5 at 7–9.) The employee pushed the cooler through double doors that divided the warehouse section and the sales floor. (Doc. No. 38-4 at 15; 38-5 at 10–12, 15.) At the double doors, the wheels of the cooler caught on a threshold metal strip. (Doc. Nos. 38-4 at 15; 38-5 at 15–16.) The cooler tipped over and struck and injured Plaintiff above her right knee. (Doc. No. 38-4 at 18.)

## Discussion

### I. Legal Standards for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fortune Dynamic, 618 F.3d at 1031 (internal quotation marks and citations omitted); accord Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. Id. at 322–23; Jones v. Williams, 791 F.3d 1023, 1030 (9th Cir. 2015). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by

affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting former Fed. R. Civ. P. 56(e)); accord Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this burden, the non-moving party "may not rest upon mere allegation or denials of his pleadings." Anderson, 477 U.S. at 256; see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("On summary judgment, . . . the plaintiff can no longer rest on the pleadings."). Rather, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 256. Questions of law are well-suited to disposition via summary judgment. See, e.g., Pulte Home Corp. v. Am. Safety Indem. Co., 264 F. Supp. 3d 1073, 1077 (S.D. Cal. 2017).

When ruling on a summary judgment motion, the Court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). The Court should not weigh the evidence or make credibility determinations. See Anderson, 477 U.S. at 255. "The evidence of the non-movant is to be believed." Id. Further, the Court may consider other materials in the record not cited to by the parties, but it is not required to do so. See Fed. R. Civ. P. 56(c)(3); Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

**II.    Analysis**

Defendant argues that it is entitled to summary judgment because the defect at issue is trivial. (Doc. No. 38 at 5–9.) Plaintiff argues that the trivial defect doctrine does not apply, that the defect was a dangerous condition, and that Defendant had notice of the defect. (Doc. No. 39-1 at 11–17.) The Court concludes the issue of whether the trivial defect doctrine applies is better resolved once all the evidence is before the Court.

Under the trivial defect doctrine, "a property owner is not liable for damages caused by a minor, trivial or insignificant defect in property." Caloroso v. Hathaway, 122 Cal. App. 4th 922, 927 (2004). The plaintiff has the burden to plead and prove that the defect was not trivial. Id. Whether a defect is dangerous depends not on the size alone, but also "all of the circumstances surrounding the accident." Id. With respect to walkways,

"[m]any decisions have held that sidewalk defects greater than [half an inch] were trivial as a matter of law." Id.

Here, Defendant notes that the threshold defect had an elevation defect of one-half inch and provides a list of California cases finding a trivial defect where the defect is up to one-inch in height. (Doc. No. 38 at 7–9.) However, Defendant does not specify at what stage in the proceedings the doctrine was applied in the cited cases. Plaintiff presents evidence that the threshold defect caused prior incidents, and that caulking material had previously been used to fill the gap, but had curled away or deteriorated. (Doc. No. 38-6 at 9–10.) In addition, Plaintiff provides a report from her expert witness who concludes that the threshold defect was an unnecessary hazard on the premises, which violated industry standards, the California Building Code, and Occupational Safety and Health Administration regulations. (Doc. No. 39-7 at 12–13.) Plaintiff also argues that the incident differs from typical slip-and-fall cases because the area where the incident occurred was heavily trafficked by employees and vendors moving heavy loads. (Doc. No. 39-1 at 10.) Given that the parties have provided conflicting evidence, the Court concludes that the issue of whether the trivial defect doctrine applies is better resolved at a later stage in the proceeding and once all the evidence is before the Court. See Anderson, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

### Conclusion

For the foregoing reasons, the Court denies Defendant's motion for summary judgment. The Court reserves the right to determine whether the trivial defect doctrine applies once all the evidence is before the Court.

**IT IS SO ORDERED.**

DATED: July 19, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:18-cv-0371-H-JMA